UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

RONALD J. SMITH, aka          ) Case No. EDCV 09-1340-MMM(RC)
RON J. SMITH,                 )
                             )
            Petitioner,       )
vs.                          )
                             ) OPINION AND ORDER ON A
RICHARD ALVARADO,            ) PETITION FOR HABEAS CORPUS
                             )
            Respondent.       )
_____)

On July 15, 2009, petitioner Reginald J. Smith, aka Ron J. Smith, a person in state custody proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the revocation of his parole on March 25, 2009.  Petition at 2.  The petition shows on its face that petitioner has not filed a petition for writ of habeas corpus in the California Supreme Court.  Petition at 4-6.

**DISCUSSION**

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court.  28 U.S.C. §§ 2254(b) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842-43,

1  119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999); Rose v. Lundy,
2  455 U.S. 509, 515-16, 102 S. Ct. 1198, 1201-02, 71 L. Ed. 2d 379
3  (1982); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981,
4  984-85 (9th Cir.), cert. denied, 119 S. Ct. 274 (1998).  "The
5  exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C.
6  §§ 2254(b) and (c), reflects a policy of federal-state comity, an
7  accommodation of our federal system designed to give the State an
8  initial opportunity to pass upon and correct alleged violations of its
9  prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275,
10  92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971) (internal quotation marks,
11  citations and footnote omitted); O'Sullivan, 528 U.S. at 844-45,
12  119 S. Ct. at 1732; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).
13  "The exhaustion doctrine is principally designed to protect the state
14  courts' role in the enforcement of federal law and prevent disruption
15  of state judicial proceedings." Rose, 455 U.S. at 518, 102 S. Ct. at
16  1203.

17

18     Here, petitioner has not petitioned the California Supreme Court
19  for collateral relief.  Since petitioner's claims have not been
20  exhausted in the state courts, the pending habeas petition must be
21  dismissed without prejudice. Coleman v. Thompson, 501 U.S. 722, 731,
22  111 S. Ct. 2546, 2554-55, 115 L. Ed. 2d 640 (1991); Lundy, 455 U.S. at
23  522, 102 S. Ct. at 1205.

24

25     Rule 4 of the Rules Governing Section 2254 Cases in the United
26  States Courts provides that "[i]f it plainly appears from the petition
27  and any attached exhibits that the petitioner is not entitled to
28  relief in the district court, the judge must dismiss the petition and

1   direct the clerk to notify petitioner."  The instant petition shows
2   that petitioner has not exhausted his state court remedies regarding
3   the claims in the pending petition; thus, the petition must be
4   dismissed without prejudice.

5

6                                **ORDER**
7        IT IS ORDERED that Judgment be entered SUMMARILY DISMISSING
8   without prejudice the Petition for Writ of Habeas Corpus.

9

10       IT IS FURTHER ORDERED that the Clerk of Court shall notify
11  petitioner of the dismissal without prejudice.

12
13  DATE:   August 21, 2009         _____
14                                       MARGARET M. MORROW
                                    UNITED STATES DISTRICT JUDGE

15  PRESENTED BY:

16
17  DATE: July 22, 2009         _____

18   /S/ ROSALYN M. CHAPMAN_____
          ROSALYN M. CHAPMAN
19  UNITED STATES MAGISTRATE JUDGE

20  R&Rs-MDOs\09-1340.mdo
    7/22/09
21
22
23
24
25
26
27
28

                                    3